UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAYRA GONZALEZ; EG,<br><br>                              Plaintiffs,<br><br>                    -against-<br><br>DOBBS FERRY VILLAGE; DOBBS FERRY<br>POLICE; DOBBS FERRY HILTON HOTEL;<br>BRONX FAMILY COURT,<br><br>                              Defendants. | 22-CV-7617 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Omayra Gonzalez, who is appearing *pro se*, brings this action under the Court's

federal question and diversity jurisdiction, alleging that Defendants violated her federally

protected rights. By order dated September 8, 2022, the Court granted Plaintiff's request to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of

this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, which was filed by Omayra Gonzalez on her own behalf and that of her minor son, EG.[1] Plaintiff now appears to reside in Dobbs Ferry, New York, but in February 2021, she resided in the Riverdale section of the Bronx. Plaintiff alleges that her former partner or spouse, whom she refers to as her "ex," came to her Bronx home with "a knife and gasoline." (ECF 2 ¶ III.). Plaintiff and EG escaped through a window, and they "end[ed] up" in the Hilton hotel in Dobbs Ferry. (*Id.*) Plaintiff "couldn't call 911,"

---

[1] Only Omayra signed the complaint and submitted an IFP application. (ECF 1, 2 at 7.)

because her ex has "police friends in the 50th precinct." (*Id.*) Plaintiff filed a police report with the Dobbs Ferry Police, who "follow[ed] it to the" 50th precinct. Plaintiff's ex, several of his friends from the 50th precinct, and an employee from the Administration for Children's Services [ACS] named Sally "trashed" the Riverdale apartment and changed the locks. A judge called Plaintiff and said that ACS "wanted to go to our home," and Plaintiff explained that "Sally" was friends with her ex. Thereafter, the precinct officers and Sally came to the hotel and told Plaintiff that, if she withdrew the police report, the ACS case would be closed. (*Id.*) Plaintiff filed a second police report that was "erase[d]" and not "investigated." (*Id.*) Plaintiff's ex "also made friends with" the Dobbs Ferry police, and thereafter, "ACS c[a]me again after [her] with [her] ex with his police officer [friends]. There where evidence that [her] ex was staying in the Hilton hotel and Dobbs Ferry refuse[d] to investigate." (*Id.*)

As a result of these events, Plaintiff became homeless, "everything was destroy[ed]," and she and EG are in "distress." (*Id.*) Plaintiff's ex beat her to the point of causing bruises and scratches. When Plaintiff called the police in the Bronx they "abuse[d]" her, illegally arrested her, and pointed a gun at her. Plaintiff seeks "227 billions" of dollars in damages.

## DISCUSSION

### A.    Nonattorney Parent Cannot Represent Child

The claims that Plaintiff seeks to assert on behalf of her minor child must be dismissed. It is well established that a nonattorney parent cannot represent a minor child *pro se*. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (minor children, "are entitled to trained legal assistance so their rights may be fully protected"); *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61-62 (2d Cir. 1990) ("A non-attorney parent must be

represented by counsel bringing an action on behalf of his or her child."); *Fauconier v. Committee on Special Education*, No. 02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) (a "court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61). *But see Maldonado v. Apfel*, 55 F. Supp. 2d 296, 302-308 (S.D.N.Y. 1999) (nonattorney parents may represent their minor children without assistance of counsel in appeals to district court from administrative denial of supplemental security income (SSI) benefits).

Plaintiff's claims on behalf of her minor child are therefore dismissed, without prejudice to assertion of the claims through counsel on behalf of the child.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      42 U.S.C. § 1983**

The Court construes Plaintiff's allegations as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.      Village of Dobbs Ferry

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government

---

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference in a court submission to a minor child must be limited to the child's initials. Because Plaintiff lists EG's full name in her submissions, the Court has directed the Clerk of Court to limit electronic access to them.

may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff names the Village of Dobbs Ferry as a defendant, but she does not allege facts showing that a village policy, custom, or practice caused a violation of her constitutional rights. The Court grants Plaintiff leave to file an amended complaint providing additional facts in support of this claim, should they exist.

2.    Dobbs Ferry Police Department

Plaintiff's claims against the Dobbs Ferry Police Department must be dismissed. The Dobbs Ferry Police Department is an administrative arm of the Village of Dobbs Ferry. As such, it does "not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Carroll v. City of Mount Vernon*, 707 F. Supp. 2d 449, 451 n.2 (S.D.N.Y. 2010) (relying on *Warner v. Village of Goshen Police Dep't*, 256 F. Supp. 2d 171, 175-76 (S.D.N.Y. 2003)). Her claims against the Police Department will be treated as claims against the Village.

3.    Hilton Hotel

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Hilton Hotel is a private entity that is not affiliated with any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. Accordingly, Plaintiff's Section 1983 claims against the hotel are dismissed for failure to state a claim on which relief may be granted.

    4.    Bronx Family Court

    Plaintiff's claims against the Bronx Family Court – a part of the New York State Unified Court System –must be dismissed on immunity grounds. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

    Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Further, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan*

*Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

The Court therefore dismisses Plaintiff's Section 1983 claims against this defendant under the doctrine of Eleventh Amendment immunity.

## C.    Supplemental jurisdiction

Plaintiff's complaint may be construed as asserting state law claims under the court's supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear whether Plaintiff can state any federal claims, the Court will determine at a later stage whether or not to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise in this complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a valid federal claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts in support of her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.[3]

---

[3] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7617 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 11, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

# AMENDED

# COMPLAINT

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
_____(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                              State            Zip Code

_____        _____
Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# <u>Notice For Pro Se Litigants</u>



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

