UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAYRA GONZALEZ,

               Plaintiff,

-against-

DOBBS FERRY VILLAGE, et al.,

               Defendants.

22-CV-7617 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"). On February 6, 2023, the Court dismissed the action for failure to state a claim on which relief may be granted. Both the order of dismissal and judgment were entered on February 9, 2023. (ECF 7, 8.) Nearly one year later, on February 7, 2024, the Court received from Plaintiff a motion for an extension of time to file a notice of appeal (ECF 9).

## DISCUSSION

    Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245

("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

In addition, the Court can grant a motion for an extension of time if it finds that: (1) the moving party did not receive notice of the entry of judgment within 21 days after entry, *and* (2) the motion is filed within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier. *See* Fed. R. Civ. P. 4(a)(6).

The Court denies the motion as untimely. Plaintiff had 30 days from the entry of the order or judgment to file a notice of appeal, that is, until March 13, 2023.[1] *See* Fed. R. App. P. 4(a)(1)(A). Although the Court may extend the time to file a notice of appeal to 30 days from the date the time to file expires, *see* Fed. R. App. P. 4(a)(5)(A), Plaintiff's motion was filed more than 30 days from the date her time to file a notice of appeal expired. Plaintiff also makes no argument that she did not receive notice of entry of judgment. Thus, the Court cannot extend the time to file her notice of appeal.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, and the Clerk of Court is directed to terminate the motion. (ECF 9).

---

[1] Because the last day falls on Saturday, March 11, 2023, the deadline is extended to Monday, March 13, 2023. Fed. R. App. P. 26.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3